THE MECHANICS' BANKING ASSOCIATION *vs.* THE SPRING VALLEY SHOT AND LEAD COMPANY, and THE NEW YORK AND SAUGERTIES WHITE LEAD COMPANY.

In an action against a corporation, as indorser of a promissory note, if the complaint alleges that the note was *indorsed* by the defendants, that is sufficient; as it implies that the note was lawfully indorsed by them, and the burthen is thrown on the defendants, to show that it was not lawfully done.

It need not be averred, in the complaint, that the note was indorsed by the defendants *in the course of their legitimate business.*

When a corporation has power to do an act, and does it, it is presumed that it was done lawfully, until the contrary be proved.

APPEAL by the plaintiff, from an order made at a special term, allowing a demurrer to the complaint. The action was upon a promissory note made by one James B. Townsend, payable to the order of the New York and Saugerties White Lead Company, and indorsed by that company, and by The Spring Valley Shot and Lead Company. The allegation in the complaint, respecting the indorsements was, that the first mentioned company "indorsed the said note and delivered the same to the defendants The Spring Valley Shot and Lead Company, who indorsed and delivered the same to the plaintiffs." The complaint also averred a demand and refusal of payment, protest and notice thereof; that the note still remained due and unpaid, and that the plaintiffs were the "legal owners and holders thereof." The Spring Valley Shot and Lead Company demurred, on the grounds that it did not appear from the complaint that the note was indorsed by them *in the course of their legitimate business* as a corporation; or that the same was indorsed by any agent or officer of the company having lawful authority to make such indorsement.

*R. E. Mount, jun.,* for the appellant. I. It is sufficient to allege that the defendants indorsed and transferred the note. If they did not, it is matter to be shown in defense, and must be set up by answer. It is more within the knowledge of the defendants than of the plaintiff. (*New York Floating Der-*

*rick Co.* v. *N. Jersey Oil Co.,* 3 *Duer,* 648.    *Barker* v. *Mech. Ins. Co.,* 3 *Wend.* 98.)

II. The allegation in the complaint is, that the defendants indorsed, not that the indorsement was made by an individual. In the latter case it might be necessary to allege that he had authority, in order to show affirmatively that the company was thereby bound.

III. The indorsement will be presumed to have been done in the course of the legitimate business of the company, until the contrary be shown.    This power is general, and incident to corporations, without any special authority.    (*Angell & Ames on Corp.* § 236, 257, 267.    *N. Y. Firemen Ins. Co.* v. *Sturges,* 2 *Cowen,* 664.)

IV. The code, (§ 142,) which requires "a plain and concise statement of the facts constituting a cause of action," means the main and material facts, and not such facts as are merely proofs of the former.    The main fact is that the company indorsed the note.    If the indorsement was made by a person not having authority, then the indorsement was not made by the company as it is alleged.    And yet, the indorsement may have been done with authority, and the company be not legally bound as a conclusion of law.    (*Safford* v. *Wyckoff,* 4 *Hill,* 442. *Mann* v. *Morewood,* 5 *Sandf.* 566.)

*F. H. Upton,* for the defendants, cited and relied upon *McCullough* v. *Moss,* (5 *Denio,* 567, 575;) *Fuller* v. *Dayton,* (13 *How.* 219.)

*By the Court,* MITCHELL, P. J.    Is it not implied that the note was indorsed by the defendant, The Spring Valley Shot and Lead Company, in the course of its lawful business, until the contrary is proved?    In *McCullough* v. *Moss,* (5 *Denio,* 567,) the decision was based on the Rossie Lead Mining Company having made a purchase *partly* for objects beyond the scope of their incorporation, as for a school house, &c.    The objection by Senator Lott was not that the company must primarily show that the note was given by it for lawful purposes; but

that the president and *secretary* were not the proper officers to sign a note, unless express authority to them was proved, from the records of the company. Here, the complaint alleges that the note was indorsed by the defendants. That implies that it was lawfully indorsed by them, and the burthen is thrown on the defendants to show that it was not lawfully done. The rule that the complaint must state all issuable facts, does not apply. The issuable facts are alleged in the general language used; and there is no obligation on the plaintiff to negative what the defendant must prove. When a company has power to do an act, and does it, it is presumed that it was done lawfully, until the contrary be proved.

The judgment should be reversed, with costs.

[NEW YORK GENERAL TERM, September 14, 1857. *Mitchell, Roosevelt* and *Peabody,* Justices.]