(115 App. Div. 69)
### BROOKLYN UNION GAS CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   October 5, 1906.)

**1. GAS—RATES—REGULATION.**

The rule that a public service gas company may charge only a reasonable rate, and that the courts may ascertain such rate in a given case, has no application where a maximum rate has been fixed by the Legislature.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Gas, §§ 10, 10½.]

**2. SAME.**

Where the Legislature has fixed a maximum rate to be charged by a public service gas company for gas furnished, the courts have no power to determine that a rate charged which is less than the maximum rate so fixed was unreasonably high.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Gas, §§ 10, 10½.]

Appeal from Special Term, Kings County.

Action by Brooklyn Union Gas Company against the city of New York. From an order of the Kings Special Term denying a motion of defendant for an inspection of plaintiff's books and of its manufacturing plant, defendant appeals. Affirmed.

The action is to recover for illuminating gas furnished to the defendant for its public buildings and streets. The price charged is less than the maximum price of $1.25 a thousand cubic feet fixed by section 70 of the Transportation Corporation Law as the price which gas companies may charge cities of the class of the defendant.

The defendant's answer raises the issue that the price charged by the plaintiff is excessive, and its claim is that the trial court must ascertain the reasonable price, and give judgment for that only.

The inspection was asked for in order to ascertain the cost of production of gas to the plaintiff, as bearing on the question of reasonable price to the consumer.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

William P. Burr (William J. Clarke and A. W. Booraem, on the brief), for appellant.

William N. Dykman (William J. Carr, on the brief), for respondent.

GAYNOR, J. The rule is that public service corporations may charge only a reasonable rate, and the courts may ascertain such rate in a given case. But this rule has no application where the Legislature has fixed the rate. The people through their representatives assembled in Legislature have the undoubted power to fix the rate which public service corporations shall charge the public. That is a legislative matter. If the Legislature fix the fare too high the people may elect legislative Representatives who will lower it. The courts have no power to lower it. It is not for the courts to upset what the people do by their legislative representatives, except in the case of a legislative act which is contrary to some provision of the Constitution, of which there can be no pretense here. The claim that the rate fixed by the Legislature is excessive is a thing to be addressed to the next Legislature, not to the courts. The people

speak through the Legislature, every one being represented therein, and thereby voluntarily bind themselves and all the subdivisions of their government. The case is not one calling for an extended discussion. It rests upon the fundamental principle of representative government.

The cost of the production of gas to the plaintiff is therefore an immaterial fact in this case. The plaintiff had the right to charge not to exceed the maximum price fixed by the statute.

The order should be affirmed.

Order affirmed with $10 costs and disbursements. All concur.