CITY OF MT. VERNON v. NEW YORK INTERURBAN WATER CO.

(Supreme Court, Appellate Division, Second Department.   November 21, 1906.)

1. WATERS AND WATER COURSES—MUNICIPAL WATER SUPPLY—CONTRACT WITH
   WATER CORPORATION.
       Laws 1890, p. 1150, c. 566, § 81, provides that waterworks corporations
   shall supply the authorities or inhabitants of any town or village where
   they have organized with water at reasonable rates and cost to all con-
   sumers.   *Held* that, where an agreement between a city and a water cor-
   poration prescribed both maximum and minimum rates for furnishing
   water to private consumers, the city could not maintain an action to re-
   form the contract by striking out such provisions on the ground that they
   were ultra vires.

2. SAME—SUPPLY TO PRIVATE CONSUMERS—REASONABLENESS OF RATES.
       A municipal corporation has no such interest in the relations of a water-
   works corporation and an individual consumer as warrants the munici-
   pality in bringing an action to determine the reasonableness of rates
   charged individual consumers.

Appeal from Trial Term, Westchester County.

Action by the city of Mt. Vernon against the New York Interurban
Water Company.  Appeal by defendant from a judgment overruling
a demurrer to the complaint.  Reversed, and demurrer sustained.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR,
and RICH, JJ.

Arthur E. Walradt, for appellant.
David Swits, Corp. Counsel, for respondent.

JENKS, J.  The defendant is a domestic corporation organized
under the third section of the stock corporation law, and is the suc-
cessor of the New York Suburban Water Company.  In 1898 the
last-named corporation and the city of Mt. Vernon entered into an
agreement which contains these provisions:

"Fifth:  *  *  *  The meters rate to private consumers shall be as fol-
lows:  To premises having but one fixture, not provided with sewer connec-
tion, a minimum charge of one dollar eighty-seven and one half cents (1.87½)
per quarter, for which eight hundred and thirty-three (833) cubic feet of water
may be used.  To all other premises, except those occupied or used for manu-
facturing or business purposes, a minimum charge of three dollars ($3.00)
per quarter, for which one thousand three hundred and thirty-three (1,333)
cubic feet of water may be used.  All quantities of water in excess of the
minimum above provided for shall be charged for at the rate of twenty-two
and one-half (22½) cents per one hundred (100) cubic feet.  The water com-
pany may however, make special rates for premises occupied for business
and manufacturing purposes not exceeding however, twenty-two and one-half
(22½) cents per one hundred (100) cubic feet, subject to a minimum charge
increased in proportion to the size of the meter required."

This action is brought to reform the agreement "so as to confine
its operation to matters and details which the common council of the
city of Mt. Vernon and the city of Mt. Vernon may lawfully fix, regu-
late, and enforce, to wit, those matters which affect the services render-
ed to the city as a contracting party and striking out therefrom all pro-
visions affecting the contractual rights or obligations of individual
or private consumers of water."  The plaintiff does not declare upon

any of the equitable principles for reformation like unto fraud or mistake, but rests upon the proposition that the provisions in the agreement relating to private consumers are ultra vires the municipality and its officers. The agreement recites that the predecessor of the defendant was duly created and existing under the laws of New York for the purpose of supplying the city of Mt. Vernon and the inhabitants thereof with water. Certain of the provisions may be construed as expressions of the maximum rates. But, in other expressions, the difficulty arises over the word "minimum." Save for this expression "minimum," there would be, I think, no room for discussion, and for the reason that all the rates named would be construed as the maximum rates, binding upon the water company in its dealings with private consumers. Spring Valley Waterworks v. Schottler, 110 U. S. 347, 356, 4 Sup. Ct. 48, 28 L. Ed. 173; Janvrin, Petitioner, 174 Mass. 514, 516, 55 N. E. 381, 47 L. R. A. 319; Farnham on Waters & Water Rights, p. 856; Griffin v. Water Company, 122 N. C. 206, 210, 30 S. E. 319, 41 L. R. A. 240. And such provisions would be germane to this agreement for the reasons stated by Bartlett, J., in Pond v. New Rochelle Water Company, 183 N. Y. 330, 338, 76 N. E. 211, 1 L. R. A. (N. S.) 958.

By qualification of the rates as "minimum," the parties to this agreement could not bind private consumers to pay them. Griffin v. Water Company, supra. The right to supply water vested in the corporation was of the nature of a franchise belonging to the state itself. Skaneateles W. W. Co. v. Vil. of Skaneateles, 161 N. Y. 154, 55 N. E. 562, 46 L. R. A. 687; New Orleans Waterworks Co. v. Rivers, 115 U. S. 674, 6 Sup. Ct. 273, 29 L. Ed. 525. It was the duty of the corporation in the acceptance of the franchise and in the exercise of its rights thereunder to supply the authorities of the city and the inhabitants thereof with pure and wholesome water at reasonable rates and cost. Transportation Corporation Law, Laws 1890, p. 1150, c. 566, § 8; Janvrin, Petitioner, supra; Spring Valley Waterworks v. Schottler, supra. The provision that the rates should be reasonable must be regarded as part of the franchise. In Spring Valley Waterworks v. Schottler, supra, the court, per the Chief Justice, says:

"The provision for fixing rates cannot be separated from the remainder of the statute by calling it a contract. It was a condition attached to the franchises conferred on any corporation formed under the statute and indissolubly connected with the reserved power of alteration and repeal."

We have lately held, per Gaynor, J., that:

"The rule is that public service corporations may charge only a reasonable rate, and the courts may ascertain such rate in a given case."

I think that any consumer has the lawful right to insist upon a supply of water at a rate that was reasonable despite these provisions in the agreement. Rogers Park Co. v. Fergus, 178 Ill. 571, 53 N. E. 363.

Although some of the rates named are qualified by the word "minimum," nevertheless they are specified rates. The effect, if any there can be, of the word "minimum," is that the rates shall not be less. But the fact that there is a provision that they shall not be less, or the fact that there is no provision that they shall not be more, does not alter

the fact that these are fixed rates. The statute requirement that the rate and cost shall be reasonable is to afford protection to the corporation and to the consumer alike, that there may be neither confiscation nor extortion; and if the rate named be not reasonable so as to afford a fair profit to the corporation and a fair price to the consumer, the courts will ascertain it. The purpose of the qualification "minimum" is to make for the protection of the corporation. But the mere fact that the corporation has thus sought to protect itself does not raise the presumption that the rates are not reasonable. As I have said, it has no binding force against the consumer if the rates are not reasonable. These provisions may be regarded as specifications of the present rates which the company would charge as reasonable under all the circumstances acquiesced in by the city in making the agreement and in its visitorial capacity. They are, in effect, the present prices, and they may be regarded as prima facie reasonable. Des Moines Waterworks Co. v. City of Des Moines, 95 Iowa, 348, 64 N. W. 269; Farnham on Waters & Water Rights, p. 858. The complaint shows that the rates thus named are the prices that have been charged and that are to be charged to the private consumers. Mr. Farnham on Waters & Water Rights says, at p. 856:

"The charter or ordinance by which the franchise is granted should make provision as to the rates to be charged, but, even if they do not do so, the public authorities may compel the company to make its rates reasonable. If the charter gives an independent tribunal the right to fix rates, the company is bound to submit to those imposed by it. But, in the absence of any public action tending to fix the rates, the company may fix them at such amount as it deems necessary to the successful operation of its business."

So far as this action is to reform the contract by striking out these provisions, I think it does not lie. So far as the action seeks a judicial scrutiny of the rates as unreasonable to the private consumers, I think it cannot be maintained. The municipal corporation has not such legal concern or interest in the relations of the company and the individual consumer as warrants the bringing of such a suit. Abbott on Municipal Corporations, § 1160, note 76, and authorities cited. See, too, People v. Law, 34 Barb. (N. Y.) 494; People v. A. & S. R. Co., 57 N. Y. 161; Park v. Modern Woodman, 181 Ill. 214, 235, 54 N. E. 932. The individual consumer has his remedy. Pond v. New Rochelle Water Co., 183 N. Y. 330, 76 N. E. 211, 1 L. R. A. (N. S.) 958.

I advise that the interlocutory judgment be reversed, with costs, and that the demurrer be sustained, with costs. All concur.