(58 Misc. Rep. 287.)

PEOPLE ex rel. VILLAGE OF PELHAM MANOR v. NEW ROCHELLE WA-
TER CO.

(Supreme Court, Special Term.  Westchester County.  March, 1908.)

1. WATERS AND WATER COURSES—WATER COMPANIES—CONTRACT WITH CITY.
      A water company contracted with a city, on the grant of a franchise
   to its predecessor, to lay mains and erect hydrants to supply the same
   with water.  *Held,* that a provision of the contract reserving to the city
   the right to place the hydrants at its own expense and providing for a re-
   duction of the rent in that event did not affect the other provisions of the
   contract.

2. MANDAMUS—CONTRACT TO SUPPLY WATER—MAINS AND HYDRANTS.
      Where a water company contracted with a city to lay mains and erect
   hydrants and supply the same with water, and a resolution of the city
   requiring the company to lay mains and locate hydrants provided that
   the location of the hydrants should be determined by street commissioners,
   but no notice was given the company of such determination, it was a
   defense to an application to compel the company to lay the mains and
   erect hydrants.

3. SAME—DEFENSES.
      On mandamus to compel a water company to lay mains in certain
   streets, a demurrer to a defense alleging that there were adequate water
   mains in such streets should be overruled.

4. SAME.
      On an application by a city to compel a water company to lay certain
   water mains and erect hydrants, a demurrer to a partial defense stating
   that relator violated the contract in substantial features prior to the al-
   leged refusal of respondent to lay the mains and locate the hydrants
   was valid.

5. SAME.
      Where, on application by a city for a writ of mandamus to compel a
   water company to lay certain mains, on trial of issues raised, it appears
   that respondent had already laid adequate mains on the streets under
   its control, and that the resolution of relator's board of trustees requir-
   ing respondent to lay mains and locate hydrants did not state in any
   way the number or location of the hydrants, the writ should not be
   granted.

   Application of the people, on the relation of the village of Pelham
Manor, for a writ of mandamus to the New Rochelle Water Com-
pany.  Writ denied.
   See 119 App. Div. 472, 104 N. Y. Supp. 92.

   Henry G. K. Heath, for relator.
   Frederick W. Whitridge, Edwin T. Rice, and John J. Crennan, for
respondent.

   MILLS, J.   This is the trial of issues of law and fact joined upon
an alternative writ of mandamus, the second amended return thereto,
and demurrers interposed to certain alleged defenses, whole or partial,
set forth in such return.  By stipulation of counsel all the issues are
tried before the court at the same Special Term.  Demurrers were
interposed to various alleged defenses contained in the first amended
return, and the issues of law joined thereby were brought to trial and
hearing before Mr. Justice Kelly at Special Term.  He sustained cer-
tain of the demurrers and overruled others.  An appeal was taken by

the relator to the Appellate Division from the interlocutory judgment entered upon his decision; and that court, Mr. Justice Gaynor writing the opinion, reversed the interlocutory judgment so far as it overruled any demurrer, and sustained such demurrer and affirmed such judgment in all other respects. The decision of that court, with the opinion, is reported in 119 App. Div. 472, 104 N. Y. Supp. 92.

The relator by the writ seeks to have the respondent compelled to lay a water main in certain designated portions of two public streets in the relator village, known as the Esplanade and Witherbee avenue, and to erect fire hydrants thereon for public use in the village. On the 22d of October, 1894, the relator village duly granted to the New York City District Water Supply Company a franchise for the purpose of laying and maintaining pipes and mains in the streets of said village, and at the same time and as a part of the franchise grant a contract was entered into between the village and said company respecting the laying of such pipes and erection of hydrants and the supplying of the same with water for a period of 10 years, with the privilege to the relator, upon a vote of its inhabitants duly taken, to extend such contract for a period not to exceed 30 years from its inception—that is, an extension of 20 years. On or about February 4, 1904, the respondent, by deed, acquired all the property, franchises, rights to renewal thereof, contracts, etc., of said company in the streets or highways of the town of Pelham and the several villages therein, including the relator, and took possession of said pipe lines and the hydrants belonging thereto; and it controls the only supply of water now furnished through pipes and mains in said village. Thereafter, and on May 31, 1904, the inhabitants of said village, at a meeting and election duly called for the purpose, passed a resolution extending said contract pursuant to such option for 20 years—that is, to October 22, 1924—and relator's board of trustees thereafter so resolved, and forthwith notified the respondent of such election and the result thereof. Thereafter, and on the 4th of June, 1906, the relator's board of trustees passed a resolution directing the respondent to lay mains in certain portions of the Esplanade and Witherbee avenue above referred to. A copy of such resolution was served upon the respondent, and it declined to comply therewith, upon the ground that it did not consider itself bound by such contract or extension thereof. An application was then made, upon affidavits, for a peremptory writ of mandamus, which was met by opposing affidavits on the part of the respondent, and resulted in the issuing of the alternative writ herein.

It is incumbent upon this court first to determine the issues of law presented by the demurrers. Such demurrers are interposed to each of the defenses, whole or partial, purporting to be alleged in subdivisions 11, 12, 13, 14, 15, 16, and 17 of the second amended return, on the ground that each is insufficient in law.

Demurrer to the eleventh subdivision of the second amended return, constituting the alleged first separate partial defense:

The matter here pleaded was pleaded as a first separate defense in the first amended return, and was demurred to by the relator. Such demurrer was sustained by Mr. Justice Kelly upon the ground that the right reserved to the village to place the hydrants at its expense

and make certain deductions from the rent did not affect at all the duty of the company to furnish hydrants according to the terms of the contract as required by the village authorities. Upon appeal the Appellate Division, Justice Gaynor writing, sustained the decision of Justice Kelly upon the ground that the facts stated amounted only to a partial defense, if any. In the new or second amended return the respondents have attempted to meet this view of the Appellate Division by pleading the matter as a partial defense; i. e., to so much of the writ as requires the erection of hydrants. I am satisfied with the reasoning of Mr. Justice Kelly, and think that the demurrer here must be sustained.

Demurrer to the twelfth subdivision of the second amended return, constituting the alleged second separate partial defense:

The same history, reasoning, and conclusion is here applicable. Further, it seems to me that the provision in the twelfth subdivision recited is by the contract intended to apply to a street or portion thereof where water mains and hydrants have not been demanded by the village authorities. Under the decision of the Appellate Division in City of Mt. Vernon v. New York Interurban Water Co., 115 App. Div. 658, 662, 101 N. Y. Supp. 232, the question of the right of an individual consumer cannot be determined in this action brought upon the relation of the municipality; and I suppose, by parity of reasoning, the rights secured by the contract or franchise to the individual consumer cannot here be urged by or against the municipality. I conclude, therefore, that the demurrer to the twelfth subdivision must also be sustained.

Demurrer to the thirteenth subdivision of the second amended return, constituting the third separate partial defense:

The matter here pleaded was pleaded in the first amended return as a separate defense. It was, in effect, that the resolution passed by the board of trustees on or about June 4, 1906, requiring the respondent to lay the mains and locate the hydrants thereon, provided that the location of the hydrants should be determined by the street commissioner, and further alleged that no notice had been given the respondent of any such determination. Mr. Justice Kelly overruled the demurrer to that defense, without statement of ground. The Appellate Division reversed his decision and sustained the demurrer, upon the sole ground, however, that while the matter alleged related only to the placing of hydrants, and was, therefore, only a partial defense, it was pleaded as an entire defense. In the second amended return the respondent has so limited said matter by pleading it as a partial defense; i. e., to the matter of the erection of hydrants alone. I think that the demurrer here should be overruled.

Demurrer to the fourteenth subdivision of the second amended return, constituting the alleged fourth separate partial defense:

The gist of the matter here alleged in the second amended answer is that there is already a water main of the requisite size and character laid in each of the streets or portions thereof included in the resolution of defendant's trustees; and that it would, therefore, be only a needless and unnecessary expense to the respondent to lay another

main therein. This matter was pleaded in the first amended return as an entire defense; whereas it is pleaded in the second as a partial defense, applicable only to the laying of mains in the portions of streets designated. Mr. Justice Kelly overruled the demurrer to it; but the Appellate Division reversed his decision and sustained the demurrer upon the ground that the matter alleged was only a partial defense, and not, as pleaded, an entire defense. I think that the present demurrer to the matter pleaded as a partial defense must be overruled. The counsel for the relator, in his brief, criticises this fourteenth subdivision, especially upon the ground that it is not distinctly alleged that the respondent owns or controls the existing mains referred to. This criticism is correct in fact; but I think that, in view of the allegation in the ninth subdivision, which is repeated in the fourteenth subdivision, to the effect that the respondent controls the only supply of water "now furnished through pipes and mains in the village of Pelham Manor," it may be inferred that the mains referred to are under its control. It seems evident that the provisions of the original contract or franchise, referred to in the third subdivision of the writ, that "any and all additional mains shall be laid by said company whenever directed by the said board of trustees of said village," should not be construed to confer upon the village the right to require the company or its successors to lay a main in any street where it now has an adequate one laid subject to its control and available for use to supply water to the village hydrants. The object of the contract on the part of the village as a municipality for its municipal purposes is to secure the requisite hydrants properly supplied with water. The mains are but means to the accomplishment of that end. If, in a given street, the company at the time has under its control a main laid of requisite character to afford the proper supply to the hydrants required and designated, I do not think that the provision of the contract above quoted should be construed to authorize the village to require the laying of an additional main. Therefore I think that this demurrer must be overruled.

Demurrer to the fifteenth subdivision of the second amended return, constituting the alleged fifth separate defense:

The allegations here are materially different from what they were in the corresponding subdivision of the first amended answer. There they were, in effect, that the New York City District Water Supply Company, at the time of the granting of the original franchise and making of the original contract, expected to obtain a water supply from certain specified sources, and that the respondent did not own or control any of said sources, and was unable to supply water therefrom; and that, in effect, the contract was limited to such sources of supply. In the second amended return the allegations are that the respondent does not own or control a sufficient supply of water to supply the extensions asked for. Mr. Justice Kelly overruled the demurrer to this subdivision as pleaded in the first amended answer, but expressed doubt as to the correctness of his conclusions, viz.:

"While I doubt the force of the defense pleaded, I presume impossibility of performance or the difficulties of obtaining supply may be set up in an answer to mandamus."

The Appellate Division reversed his decision and sustained the demurrer. The opinion respecting it stated:

"The fifteenth is a mere argument; and if the company has a supply from any source it does not matter that it is not from the source originally contemplated. It must do its public duty."

As above stated, the fifteenth subdivision now alleges, in effect, that the respondent has not any sufficient source or sources of supply. I am not certain that the demurrer should here be sustained. Very likely, as Mr. Justice Kelly suggested, impossibility of performance may serve as an answer to a mandamus even as against a contract obligation. It is, however, in this case, of no practical consequence whether the demurrer here be sustained or overruled, as the evidence does not at all warrant any finding that the respondent has not an adequate supply or source of supply. The demurrer here is, therefore, overruled.

Demurrer to the sixteenth subdivision of the second amended return, constituting the alleged sixth separate defense:

This subdivision consists of matter not contained in the first amended answer. It in effect alleges that the relator failed, as required by the contract, to apply the rental of five of the hydrants erected by the New York City District Water Supply Company to the payment of the taxes imposed by the village upon the respondent as the successor of that company for the years 1904, 1905, and 1906, as required by that contract, but has required the respondent to pay such taxes to said village, and has failed during said years to pay any rental to the respondent. The gist of these allegations is that the relator, prior to the alleged refusal of the respondent, had itself violated the contract in substantial features. I presume that the failure of the village to pay the hydrant rental when due might warrant the respondent in refusing to extend mains as required by the contract until such rental was paid. Therefore I overrule the demurrer to this sixteenth subdivision.

Demurrer to the seventeenth subdivision of the second amended return, constituting the alleged seventh separate defense:

It seems to me that this is subject to the criticism made by the Appellate Division in its opinion upon the sixteenth, seventeenth, eighteenth, and nineteenth subdivisions of the first amended return, to the effect that "all that it embraces is embraced in the issues raised by the denial or that can be raised by denials," and therefore I sustain the demurrer thereto. The allegations of the seventeenth subdivision are in substance (1) that the respondent, by its purchase of the pipes and mains which were formerly the property of the New York City District Water Supply Company, did not assume or become bound by the provisions of the franchise or contract of October, 1894, entered into between the relator and that company; (2) that the respondent had offered to furnish water to the relator at reasonable rates; and (3) that the rates established by such original franchise or contract were unreasonable, and that to impose them upon the respondent would be to confiscate its property and to impair its power to supply its other customers. The allegations of the writ restrict the claim of right on the part of the relator to the obligations of such original franchise and

contract. If those obligations have not been imposed upon the respondent, no case against it for the issuing of the writ has been established. Whether the rates at which it now offers to supply water under its general corporate duty be reasonable or not is not an issue. Unless the obligations of the original franchise or contract still bind the respondent, the relator must here fail. This question is fully open to contest by the defendant under its denials. The rest of the seventeenth subdivision appears to me to be but argument.

Upon the merits of the case, as it stands upon the trial before me of the issues of fact, I can perceive nothing to vary essentially the facts relating to the question whether or not the respondent is bound by the contract obligations of the original franchise agreement from the facts upon which the Court of Appeals passed in Pond v. New Rochelle Water Co., 183 N. Y. 330, 76 N. E. 211, 1 L. R. A. (N. S.) 958. It is true that the court there passed upon the question of the right of a private consumer, and that the right of the public consumer, namely, the village, was not involved; but the principle determined is the same in both cases. That court there said:

"It is clear that the defendant company [meaning the respondent here] rests under a contract obligation extending to October 22, 1924, to furnish the consumers of water in the village of Pelham Manor at a fixed rate per annum."

I regard this determination of that court as binding upon this court here, and compelling it to decide that the respondent has succeeded to the contract obligations of the New York City District Water Supply Company under the original franchise or contract of 1894. Still I do not think that the right of the relator to the peremptory writ has been established. My conclusion to this effect is based upon two reasons, viz.: (1) That the respondent, having in the streets or portions thereof specified adequate mains already laid under its control, cannot now be required by the relator to lay any other mains therein, but only to place thereon the hydrants which the village, under such contract, is authorized to require; and (2) that the resolution of the relator's board of trustees, the demand or notice to the respondent, did not state in any way the number or location of hydrants required. The latter reason is, perhaps, of little consequence, because the demand contained in such resolution, passed June 4, 1906, appears by the terms thereof to be limited to the new mains directed by such resolution to be laid, and not to be applicable to any then existing mains. My only embarrassment arises from the fact that the respondent did not in terms rest upon either of those grounds its refusal of the request contained in such resolution. Its refusal was in terms based solely upon the ground that it (the respondent) "does not regard itself bound by the terms of the so-called contract with the New York City District Water Supply Company or any pretended extension thereof." Still it is incumbent upon the relator to establish affirmatively and clearly its right to what it has demanded; and this it has failed to do.

As the respondent succeeds here upon other grounds than the one assigned by it to the board of trustees for its refusal to comply with their resolution of demand, it should not be given costs. The multitude of demurrers herein has much increased the labor of the court in

disposing of this case, and it may be doubted whether or not any corresponding advantage has resulted.

Let a decision be prepared in accordance herewith and submitted. Ordered accordingly.