McCook Waterworks Company, appellant, v. City of McCook et al., appellees.

Filed December 23, 1909.   No. 15,870.

1. Cities: Ordinances: Water Rates: Injunction. Where a city, in the exercise of power delegated to it by the legislature, enacts an ordinance fixing the rates which a public service corporation may exact for water furnished to consumers, a court of equity should not interfere with the enforcement of the ordinance before there has been a fair trial showing the practical results of its actual operation, unless the rates are clearly confiscatory.

2. ——: ——: ——: Presumptions. Rates which a public service corporation may exact for furnishing water to a city and its inhabitants are presumed to be lawful and reasonable, when fixed by an ordinance passed in the exercise of legislative power.

3. ——: ——: ——: Evidence. A public service corporation engaged in the business of furnishing water to a city and its inhabitants must make a full disclosure of the value of the property devoted to that purpose and of its earnings and expenses, when it assails as confiscatory rates fixed by ordinance.

Appeal from the district court for Red Willow county: Robert C. Orr, Judge. *Affirmed as modified.*

*Morlan, Ritchie & Wolff,* for appellant.

*J. R. McCarl, J. F. Cordeal, C. C. Flansburg* and *C. E. Eldred, contra.*

Rose, J.

Plaintiff is a corporation owning a system of waterworks in McCook, and is engaged in the business of supplying that city and its inhabitants with water. This is a suit against the mayor and members of the city council to enjoin them from enforcing ordinance number 136, which establishes plaintiff's rates or charges for furnishing water to consumers. The principal objection to the ordinance is that the rates fixed by it are so low as to be unremunerative and confiscatory. Upon a trial in the

district court the suit was dismissed, and plaintiff has appealed.

The rates established by the ordinance which plaintiff seeks to enjoin went into effect August 12, 1907, and on plaintiff's petition they were suspended by a restraining order in this case December 31, 1907. The trial took place in April following and the case was submitted to the court on plaintiff's evidence. Defendants declined to offer any proofs on their own behalf, but demurred to plaintiff's. The demurrer was sustained, the restraining order dissolved and the action dismissed May 8, 1908. One of the findings of the district court is: "There has not sufficient time elapsed since ordinance number 136 has been in effect to determine that the same would be confiscatory or not, or whether the same would be fair as between the plaintiff and defendants." This finding seems to be justified by the pleadings and proofs. The ordinance was only in force from August 12, 1907, to December 31, 1907, a period of less than five months. In the meantime the system of charges for water had been changed from flat rates to meter rates. The service and earnings between those dates had not been fully adjusted to the new conditions. The change of systems required consumers generally to install meters, and many of them were not in use until late in the period during which the new rates were in force. The amount of water consumed varied with the different seasons, and the trial of the ordinance did not include all of them. August 29, 1907, plaintiff's power-house was destroyed by fire, and for a short time thereafter there was an interference with the water supply. Under the flat rate system formerly in force the charges were collected in advance, but under the meter system collections were necessarily delayed until the meters registered the amount of water consumed. This affected the receipts for a time at least. The circumstances and conditions mentioned make it clear that for lack of time a full and fair test of the earnings under the new rates had not been made, when they were suspended

by the restraining order. The finding quoted indicates the trial court considered a fair test of ordinance number 136 and the practical results thereof material matters in reaching a conclusion. This course is in harmony with the doctrine recently announced by this court in an opinion by Judge BARNES in *State v. Adams Express Co., ante,* p. 25. One of the rules stated in that case is: "A court of equity ought not to interfere with and strike down an act of the legislature fixing maximum express rates, before a fair trial has been made of continuing the business thereunder, and in advance of any actual experience of the practical result of such rates." The supreme court of the United States has applied the same principle to the rates fixed by a city ordinance for water supplied by a water company. In *City of Knoxville v. Knoxville Water Co.,* 212 U. S. 1, the following appears in the syllabus: "In determining whether a rate is confiscatory the court is not confined to evidence as to the income of the corporation affected for the fiscal year during, or preceding, that in which the rate was fixed; it may receive evidence as to such income in subsequent years. Federal courts should not declare an ordinance fixing rates for a public service corporation unconstitutional and suspend its operation before it goes into effect unless the rate is clearly confiscatory; and, unless complainant furnishes substantial evidence to that effect, the bill should be dismissed without prejudice to a further application to the courts if the rate after going into effect is actually confiscatory." In the light of these decisions and the conditions already described, the correctness of the finding of the trial court that the ordinance was not tried long enough for a fair test is free from doubt.

Plaintiff adduced proof of the value of its plant, of its operating expenses and of its earnings before the new rates had been fairly tested, and insists it is thereby shown that enforcement of the new rates will result in transacting business at a loss, and that therefore the ordinance is void. The sufficiency of evidence to overturn the rates

must be considered with reference to the following prin-
ciples: The power to fix the rates which plaintiff may
exact for furnishing water to the city of McCook and its
inhabitants was committed by the legislature to that
municipality. Comp. St. 1907, ch. 14, art. I, sec. 69, subd.
15; *City of Knoxville v. Knoxville Water Co.*, 212 U. S. 1.
When rates are fixed by ordinance in the exercise of such
power, they are presumed to be reasonable, and in the
present case the burden is on plaintiff to show by a pre-
ponderance of the evidence that the ordinance is clearly
invalid. In doing this it is incumbent on plaintiff to make
a full disclosure of the value of the plant and of the earn-
ings and expenses. *State v. Adams Express Co., ante,* p.
25; *City of Knoxville v. Knoxville Water Co.*, 212 U. S.
1. Plaintiff's evidence, when considered with the estab-
lished fact that the ordinance had not been subjected to
a sufficient trial to show the practical results of its opera-
tion, with the presumption that the rates are lawful and
reasonable, and with the rule that the burden is on plain-
tiff to make full disclosures, cannot be said to clearly
show that the ordinance is confiscatory.

Objection is also made to the title and form of the or-
dinance, but no sufficient reason has been urged for strik-
ing it down on these grounds.

By appealing to the district court to annul the ordi-
nance before its results had been fairly shown by actual
operation, plaintiff should not be prevented from making
a further application for relief, if a practical test results
in the confiscation of property. The judgment of the
district court will therefore be so modified as to dismiss
the action without prejudice to plaintiff's right to begin
another suit, and as thus modified will be affirmed.

AFFIRMED AS MODIFIED.