MARGARET MEARA, Plaintiff, *v.* THE CITIZENS WATER-
WORKS COMPANY OF THE TOWN OF HIGHLANDS,
Defendant.*

(Supreme Court, Orange Special Term, January, 1919.)

*Water company — rates charged for supplying water to customers
presumed to be reasonable — complaint alleging that increased
rate was unreasonable dismissed for failure of proof.*

MOTION to dismiss complaint.

John MacGregor, for plaintiff.

Anthony & Anthony, for defendant.

SEEGER, J.   The defendant is a domestic corpora-
tion organized under the Transportation Corpora-
tions Law for the purpose of supplying water to the
village of Highland Falls, Orange county, N. Y., and
the inhabitants thereof.   The plaintiff is the owner of
four houses in said village, which houses are con-
nected with the street mains of the defendant and are
dependent upon the defendant for its supply of water
for all purposes.   For about twenty years the plaintiff
has been paying the defendant at the rate of ten
dollars per annum for the water used in each house
until bath rooms were put in two of the houses when
an additional charge of five dollars per house was
made by the defendant, the plaintiff alleging that
about November 1, 1898, defendant agreed to supply
water for such houses for all purposes for the sum
of ten dollars per annum for each house exclusive of
the water supplied for bath rooms.

About the 1st of November, 1918, the defendant
notified the plaintiff that it would increase its charges

---

*Affirmed by the Appellate Division, Second Department, March
5, 1920, on the opinion below.—[REPR.

for such water to the amount of eighty-five dollars per annum for the four houses, and would supply no water thereto except at such rates, and has threatened to discontinue its service and to shut off the supply of water unless the plaintiff accedes to such charges. The plaintiff further alleges that such charges are unreasonable and contrary to the statute, and asks judgment that fifty dollars per annum be declared the reasonable cost and rate for the service, and that the defendant be enjoined from exacting and compelling the plaintiff to pay more than said fifty dollars per annum, and from refusing to supply water to the plaintiff's said houses.

It appears that the rates originally fixed by the defendant were uniform, the charges being as follows, viz.: For each sink ten dollars per annum, and for each toilet or bath room five dollars per annum.

These rates were uniformly charged to all the inhabitants using the water except in certain cases where the users, without the knowledge of the defendant, put in additional sinks or faucets, and in the case of six houses, all of which used a single faucet upon the premises, where a charge of ten dollars was made for each house or family.

I cannot find that any valid contract was ever made between the plaintiff and the defendant to furnish water for any different rate than the regular rate generally charged to the users of water. There was in this case no increase in the rate charged. The defendant, upon ascertaining the extent of the use of the water in the plaintiff's houses, insisted upon the payment of the regular rate. No discrimination whatever has been made against the plaintiff. In a number of other cases a similar increase in charge was made when the defendant ascertained there was an increased use of water.

So far as the evidence shows there never was any public action tending to fix rates. The company fixed

them, and it does not appear that the reasonableness of the rates has ever been questioned. The company had the right to fix a rate which was reasonable and which it deemed necessary to the successful operation of its business. Farnham Waters & Water Rights, 856; *City of Mt. Vernon* v. *New York Interurban Water Co.*, 115 App. Div. 662; Trans. Corp. Law, § 81.

The plaintiff has failed to show that the rate charged by the defendant is more than reasonable.

In the absence of proof to the contrary the established rate is presumed to be reasonable. *City of Mt. Vernon* v. *New York Interurban Water Co.*, 115 App. Div. 658; *City of Knoxville* v. *Knoxville Water Co.*, 212 U. S. 1; *McCook Waterworks Co.* v. *City of McCook*, 85 Neb. 677.

The defendant is entitled to charge the plaintiff for its service for the four houses the sum of eighty-five dollars per annum from November 1, 1918, the time when demand was made at the regular rate.

The plaintiff's complaint should be dismissed, with costs.

Complaint dismissed, with costs.