WINFIELD A. HUPPUCH, Who Sues on Behalf of Himself and Other Private Consumers of Water in the Village of Hudson Falls, N. Y., Similarly Situated, Respondent, *v.* SPRING BROOK WATER COMPANY, Appellant.

*Water works — rates — temporary injunction — order granting injunction reversed unless plaintiff give undertaking to protect defendant.*

Appeal by the defendant from an order of the Supreme Court, made at the St. Lawrence Special Term and entered in the Washington county clerk's office on September 14, 1923, denying defendant's motion to vacate a temporary injunction.

Order reversed on the law and facts and motion granted, unless the plaintiff files an undertaking in the sum of $12,000, the provisions of which will protect the defendant against any damages which it may sustain by reason of the temporary injunction, and in case any specific rate or rates set forth in defendant's schedule shall be sustained by the court, and in case such undertaking is filed within twenty days, order affirmed. Cochrane, P. J., H. T. Kellogg, Hasbrouck and McCann, JJ., concur; Hinman, J., dissents, with an opinion.

HINMAN, J. (dissenting): The presumption is in favor of the new rate and the burden is upon the consumer to establish the fact that such rate is unreasonable and excessive. (*Meara* v. *Citizens Waterworks Co.*, 110 Misc. Rep. 738; affd., 191 App. Div. 913; *Silberberg* v. *Citizens Water Supply Co.*, 116 Misc. Rep. 595; *Municipal Gas Co.* v. *Pub. Serv. Comm.*, 225 N. Y. 89; *City of Mount Vernon* v. *N. Y. Inter Urban Water Co.*, 115 App. Div. 658; *Knoxville* v. *Water Co.*, 212 U. S. 1; *Mechanics Banking Assn.* v. *Spring Valley S. & L. Co.*, 25 Barb. 419.) The complaint, even aided by additional facts set forth in the plaintiff's affidavits, does not state facts sufficient to legally authorize the injunction granted. A public utility is entitled to demand a fair return upon the reasonable value of the property at the time it is being used in the public service. (*Smyth* v. *Ames*, 169 U. S.

---

* See Election Law of 1922, § 321.— [REP.

546; *People ex rel. Kings County Lighting Co.* v. *Willcox*, 210 N. Y. 479, 495; *Minnesota Rate Cases*, 230 U. S. 454; *People ex rel. Iroquois Natural Gas Co.* v. *Pub. Serv. Comm.*, 194 App. Div. 578.) The complaint and affidavits of plaintiff do not set forth facts showing the present value of the defendant's property used and useful in its water business. At most, the plaintiff sets forth facts tending to show the value of the property in 1920 and does not deny or set forth facts tending to deny the figures set forth in the affidavits of defendant's experts showing a present value of the property of $500,000. The plaintiff leaves us only the doubtful and valueless inference to be drawn from the fact that the plaintiff states that an offer has presently been made to the defendant by a committee of the consumers to purchase its property for $275,000. This admission of value up to that figure is also damaging to the plaintiff in that it tends only to concede, *prima facie* at least, that at an eight per cent rate of return upon a $275,000 valuation, which has been held to be a fair and reasonable rate (*People ex rel. Adirondack P. & L. Corp.* v. *Pub. Serv. Comm.*, 200 App. Div. 268), the annual net profit to which the company is entitled is at least $22,000, whereas by the plaintiff's and defendant's affidavits it appears clearly that its annual net profit for the year ending May 31, 1923, was not to exceed $6,000. If two per cent were added to the eight per cent for surplus and contingencies, the company would be entitled to a net profit of $27,500 and the amount asked by the company is only slightly in excess of that amount, since it is not asking for a ten per cent return on a $500,000 valuation but upon a $293,000 valuation. This does not demonstrate that to the extent of that excess the plaintiff has shown an unreasonable rate, since the plaintiff has failed to offer facts showing or tending to show the present value of defendant's property. The plaintiff even admits that the defendant has made some minor improvements in its property in the last two years which might easily amount to the difference between $293,000 and $265,000 or $270,000 which the plaintiff states were the defendant's admissions of value in 1920 and 1921. And such figures do not take into consideration any possible enhancement in values irrespective of improvements. Moreover, the whole structure of plaintiff's case seems to rest upon the raising of the flat rates. The meter rates have not been increased. The plaintiff fails to show that to accept the meter rates would unreasonably increase the cost to the consumers, whereas on that phase of the case we have the affidavit presented by defendant's expert accountant to the effect that the additional revenue from the new rates if consumers were all on a meter basis would be less than $4,000 more than the present revenue. This is not denied or contradicted. Thus the plaintiff has not stated facts sufficient to meet the burden cast upon him. He has failed to state facts sufficient to legally authorize any injunction. Instead of setting forth facts tending to prove that the proposed rates are unreasonable and excessive, he has conceded facts substantially justifying the new rates. Therefore, I think the order enjoining the defendant from enforcing said rates *pendente lite* should be reversed as a matter of law and not in the exercise of discretion and that the motion to vacate the temporary injunction should be granted unconditionally.