In the Matter of the Application of WILLIAM FOLLETT, Petitioner, for a Peremptory Mandamus Order against WATER WORKS COMPANY OF SENECA FALLS and SENECA WATER COMPANY, INC., Defendants.

Supreme Court, Ontario Special Term, October 31, 1924.

Water companies — application fo˙ peremptory order of mandamus to compel defendants to furnish water to customers at old rates pending action to determine reasonableness of new rates — Transportation Corporations Law, § 81, imposes duty on defendants to furnish water at "reasonable rates and cost"— court, in mandamus proceeding, cannot determine remuneration which quasi public service corporations may charge for services directed to be rendered — determination of reasonableness of rate question of fact in appropriate action.

The petitioner's application for a peremptory order of mandamus to compel the defendant water companies to furnish water to their customers in the village of Seneca Falls at the old rates, pending the outcome of an action to have determined the reasonableness of new rates, should be denied, since courts have no inherent authority to determine the remuneration to be charged by quasi public service corporations for services to be rendered to the public in the future Nor will the courts consider the "reasonable rates and cost" question in mandamus proceedings.

While water companies may be compelled to install equipment and furnish water, the question of the reasonableness of the rates charged, pursuant to section 81 of the Transportation Corporations Law, is one of fact which may be judicially determined and fixed in an appropriate action.

APPLICATION for a peremptory order of mandamus.

*George W. O'Brien*, for the petitioner.

*H. A. Carmer* and *Neile F. Towner*, for the defendants.

THOMPSON, J. For himself and others similarly situated, petitioner asks for an order of mandamus to compel defendants to continue to furnish water to their customers at the *old* rates

**826** MATTER OF FOLLETT *v.* WATER WORKS CO. OF SENECA FALLS.

Supreme Court, October, 1924. [Vol. 123]

pending the outcome of an action brought by petitioner in equity to have determined whether or not the *new* rates are reasonable.

The statute imposes upon defendants the duty to supply the inhabitants of the village of Seneca Falls " with pure and wholesome water at reasonable rates and cost." Transp. Corp. Law, § 81. And this " reasonable rates and cost " clause of this section is the sole and only provision of the statute upon the subject of the charges a water company may make, or that its customers must pay, for water furnished the one by the other; and so within this limited and simple compass lie all of the duties of defendants, and as well the rights of the petitioner, in this proceeding. In the observance of this provision and to bring about a practical working of the important service it regulates and controls the courts have held that in the first instance the water company has the right to fix the rates it shall charge.

The company had the right to fix a rate which was reasonable and which it deemed necessary to the successful operation of its business. 1 Farnham Waters and Water Rights, 856.

And in the absence of proof to the contrary the established rate is presumed to be reasonable. *City of Knoxville* v. *Knoxville Water Co.*, 212 U. S. 1.

Thus it is also that the courts have held that " the provision for fixing rates cannot be separated from the remainder of the statute by calling it a contract." *City of Mt. Vernon* v. *New York Inter Urban Water Co.*, 115 App. Div. 658.

Over against this protection to the water company, however, the law gives a remedy to its otherwise helpless customers, which is the right to bring an action to have judicially determined whether or not the rates promulgated by the water company are the " reasonable rates and cost " that the statute prescribes.

" The rule is that public service corporations may charge only a reasonable rate, and the courts may ascertain such rate in a given case." *Brooklyn Union Gas Co.* v. *City of New York*, 115 App. Div. 69.

The question of whether or not a given rate is reasonable, or, in case such given rate is not reasonable, what rate is reasonable, is always a question of fact. Upon such fact either party can demand a jury trial. *People ex rel. City of New York* v. *Queens County Water Co.*, 232 N. Y. 277, 282.

It appears that petitioner has availed himself of this provision of law, and has brought an action to have the new rates sought to be charged by defendants declared unreasonable, and to have such reasonable rates fixed by the court, and now coming to a consideration of whether mandamus shall run here, this fact must

be borne in mind. 26 Cyc. 171. As also that such question is a question of fact, and is not separable, so far as the company's statutory duty is concerned, from its requirement that water be furnished.

Mandamus is an extraordinary legal remedy, and can only issue to enforce a clear legal right. It will not go to enforce a contractual right; it can only issue to compel the performance of an official or legal duty which is purely ministerial. " Its purpose is to compel action by, not to give remedy against." 18 R. C. L. 89.

Mandamus is in its nature a summary and drastic remedy. In effect it renders a decision without a trial and adjudicates the rights of litigants without the accustomed day in court. The law has, therefore, properly erected many safeguards around it to prevent its issuance in cases where irreparable injury and injustice might result. Thus it is that the duty to act must be clear, and the right to invoke it must clearly appear. It will not decide a controverted question of fact, for if the right is questioned the order will be denied. It will not go if there is doubt of its necessity or propriety, and the legal right must be clear and complete. *People ex rel. Mott* v. *Board of Supervisors,* 64 N. Y. 600; *People ex rel. Lentilhon* v. *Coler,* 61 App. Div. 223; 26 Cyc. 146.

In extension of this doctrine the law further requires that, on an application for peremptory mandamus, allegations of fact set forth in the answering affidavits must be taken as true. *Matter of Rexford Flats B. Co.* v. *Canal Board,* 168 App. Div. 558, 559.

Coming then to the facts here, petitioner presents affidavits alleging both facts and conclusions to the effect that the proposed new rates sought to be charged by defendants are not reasonable; that the old rates are reasonable, and asks that defendants be mandamused to furnish water at the old rates during the pendency of the action. Defendants present affidavits containing equally convincing facts and conclusions showing the contrary. In such case, applying the rules that the law prescribes, it must be held that petitioner does not present facts showing a clear and unquestioned right to the relief he seeks. To obtain this order, in my view, it would be necessary to establish the very thing that the action referred to has been brought to determine, *i. e.,* a reasonable rate of charge for water service in Seneca Falls. That the consumer and the company are entitled, one to supply, and the other to have, water at this rate as well pending, as after, the decision of the action, cannot be questioned. To compel the company to furnish water at less than a reasonable rate, pending the action, would be unjust as well as illegal; and to compel the customer to pay more, would be equally unjust and illegal. But there is no presumption

**828** MATTER OF FOLLETT *v.* WATER WORKS CO. OF SENECA FALLS.

Supreme Court, October, 1924. [Vol. 123

of law that the *old* rate is reasonable; indeed the presumption is that the *new* rate is the reasonable rate. See *City of Knoxville v. Knoxville Water Co., supra; Matter of Rexford Flats B. Co. v. Canal Board, supra.* And to entitle himself to the extraordinary and summary order that petitioner asks in this proceeding he must " clearly and unquestionably " show that the old rates are reasonable, otherwise he is remanded to his remedy in the action he has brought to establish such rates.

In support of his application petitioner relies on the decision of the Court of Appeals in *People ex rel. City of New York v. Queens County Water Co., supra,* and the decision of the Appellate Division, Second Department, in *Matter of Town of Mamaroneck v. New York Inter-Urban Water Co.,* 203 App. Div. 122, in each of which a mandamus was issued requiring a water company to install water mains and hydrants and furnish water. The question of the reasonableness of rates was not involved in these cases at all. Respondents refused to erect mains and hydrants and furnish the water unless a reasonable rate was established and assured to them either by contract *(Queens County* case) or by the court *(Mamaroneck* case). In both cases the water companies were ordered to extend their systems and furnish the water. " The statute under which defendant exercises its franchise imposed upon it a specific duty to furnish water for domestic service and fire protection. When such duty is performed under order from an officer of the city empowered to issue the same a legal duty arises on the part of the city, in the absence of a contract, to pay a reasonable compensation to defendant for the service rendered, and a failure to so compensate defendant gives to the company a right of action to recover upon implied assumpsit. * * * Ample remedy existing in favor of defendant to secure reasonable compensation upon compliance with the orders made, the peremptory writ of mandamus was properly issued," is the language of the Court of Appeals in the *Queens County Case, supra,* and it is quoted by the Appellate Division in the *Mamaroneck Case, supra.* These cases have no application here. Defendants have not refused to furnish water at all. But they insist that for the water the law requires them to furnish, they must be paid the statutory price, and that the rates of their new charges are the reasonable rates and cost to which the statute entitles them; in all of which it must be held that they are within their strict legal rights.

As well as it can be stated the rule of law which applies and must prevail in cases of this sort is: " Though public service corporations are under a duty to furnish service to the public for a reasonable compensation, it is generally recognized that the courts have no

inherent power to fix the compensation to be charged by them for services to be rendered in the future, as this is a legislative rather than a judicial function. Therefore it follows that when it is sought to compel by mandamus a quasi public corporation to render services, the court cannot in such proceeding determine the remuneration which the corporation may charge for the services which it may direct the corporation to render." 18 R. C. L. 149, 150.

In such case an order directing the *performance of the service* only may issue; it must leave to the corporation the right to charge a *reasonable compensation therefor.* 18 R. C. L. 150.

That they will not consider the " reasonable rates and cost " question in mandamus is the established doctrine of the courts of this state. Courts will compel the water companies to install equipment and furnish water, but they leave to the companies the right to charge therefor what they consider the " reasonable rates and cost " that the law prescribes, subject always, however, to the right of the consumers to review such action, and to have the " reasonable rates and cost " question judicially determined and fixed in an appropriate action. *People ex rel. City of New York* v. *Queens County Water Co., supra; Town of Mamaroneck* v. *New York Inter-Urban Water Co., supra,* 126; *Brooklyn Union Gas Co.* v. *City of New York, supra.*

Holding these views, after as careful consideration as may be, I conclude that the application must be denied, with costs.

Ordered accordingly. _____