## Francis Beidler v. Harry Richardson et al.

1. APPELLATE COURT PRACTICE—*The Same Respect and Consideration Should Be Given to the Finding of Fact by the Court as is Granted to the Verdict of a Jury.*—Where a case is submitted to the court for trial without the intervention of a jury, it becomes the duty of the court to pass upon the facts as well as upon the law of the case, and the same respect and consideration should be given by an appellate tribunal to the finding of fact by the court as is granted to the verdict of a jury.

2. SAME—*When Finding Will Not Be Disturbed.*—If the evidence of the successful party, considered by itself, is clearly sufficient to sustain the finding, this court will not reverse a judgment based thereon, unless such finding is clearly and palpably against the weight of the evidence.

3. PLEADING—*Where Two Defendants Are Sued Jointly, and They Plead a Denial of Joint Liability, Recovery Must Be Against Both.*— Where two defendants are sued jointly and interpose a verified plea denying joint liability, the recovery must be against both, or the finding must be for the defendants.

**Trespass on the Case,** on promises. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed April 20, 1903.

C. E. KREMER and C. W. GREENFIELD, attorneys for appellant.

HENRY W. WOLSELEY, attorney for appellees; ROBERT RAE, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant sued appellees in an action on the case on promises, alleging, in varying terms in the three special counts, an agreement by them to sell and deliver to him a certain steamer for the price of $18,000, their neglect and failure so to do, and his consequent damages, etc.

Appellees filed the general issue, and a verified plea denying joint liability.

The evidence put in by appellant tended to prove the

averments of the declaration so far as concerns Richardson, but did not connect Gilchrist with the transaction. The evidence put in by Richardson tended to prove that his offer to sell was conditioned upon his getting the consent of Gilchrist, a part owner, which he was not able to obtain.

The market value of the steamer was shown to be from $16,000 to $23,000.

The cause was submitted to the court for trial without a jury; was tried, the issues were found for the defendants and judgment was entered thereon. From that judgment this appeal was perfected.

We can not disturb this judgment for two reasons:

First. The cause was submitted to the court for trial without the intervention of a jury. It thereby became the duty of the court to pass upon the facts as well as upon the law of the case. The witnesses were examined orally before him, and he, therefore, had the same opportunity for forming an opinion of the relative merit and weight of the evidence given by them as has a jury when in the box. Under these circumstances it necessarily follows that the same respect and consideration should be given by an appellate tribunal to the finding of fact by the court as is granted to the verdict of a jury. Kaestner v. Oldham, 102 Ill. App. 373. If the evidence of the successful party, considered by itself, is clearly sufficient to sustain the finding, this court will not reverse a judgment based thereon, unless such finding is clearly and palpably against the weight of the evidence. Shevalier v. Seager, 121 Ill. 564. Viewed in the light of this settled rule of procedure, we are of the opinion that the learned trial judge was justified by the evidence in his conclusions of fact in this case.

Second. Appellant sued Richardson and Gilchrist jointly. They interposed a verified plea, denying joint liability. In that condition of the pleading the recovery must be against both, or the finding must be for the defendants. There was a total lack of evidence tending to inculpate Gilchrist. Had appellant elected to dismiss as to Gilchrist and then amended the declaration so as to charge Richardson alone,

he would have been in position to ask the court to pass upon the liability of that defendant. This he did not do, and, therefore, no matter what he thought as to the accountability of Richardson, the court was compelled to find for the defendants. This has been the law in this state ever since the case of Kimmel v. Shultz, Breese, 169. It has never been departed from by our Supreme Court. Gribbin v. Thompson, 28 Ill. 61, and cases cited; Felsenthal v. Durand, 86 Ill. 230, and cases cited; Davis v. Johnson, 41 Ill. App. 22. It is the common law rule. Robertson v. Lynch, 18 Johnson, 451, 478. The trial judge was under no obligation to suggest to counsel the method in which his case could be best presented. His whole duty was done when he correctly passed upon the case as it came before him.

It is unnecessary to discuss other points made by appellants.

The judgment of the Circuit Court will be affirmed.