THE LAKE FOREST WATER COMPANY, Appellant, *vs.* THE CITY OF LAKE FOREST, Appellee.

*Opinion filed February 25, 1911—Rehearing denied April 6, 1911.*

1. MUNICIPAL CORPORATIONS—*water rates fixed by ordinance must be just and reasonable.* Under the act of 1891 (Laws of 1891, p. 85,) the maximum rate fixed by ordinance to be charged by any individual, company or corporation authorized to supply water to a city and its inhabitants must be just and reasonable, and the question whether such rate is reasonable or unreasonable may be reviewed and determined by the circuit court.

2. SAME—*water rate fixed by ordinance is presumed to be reasonable—burden of proof.* Where a city council has exercised its judgment and fixed a maximum rate to be charged for water such rate must be presumed to be just and reasonable, as it is required to be by the statute; and if the water company, in a bill to enjoin

the enforcement of the water-rate ordinance, alleges the rate to be unjust and unreasonable, it has the burden of proving that fact.

3. SAME—*when water company must prove unreasonableness of water rate by showing actual results.* Where the water-rate ordinance, the enforcement of which is sought to be enjoined, has been in force a sufficient length of time before the proofs are closed to enable the complainant company to prove actual results by showing earnings and expenses such proof should be made, and the question of the reasonableness of the rates should not be left to be determined from opinions and probabilities, in connection with facts existing when the ordinance was passed.

4. SAME—*what does not estop a water company from insisting that water rate is too low.* The fact that a water company brings a suit against a city to collect a water bill at the rate which the city has itself fixed by ordinance does not estop the company from insisting the rate is unreasonably low and should not be enforced.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

COOKE, POPE & POPE, for appellant.

GEORGE E. CHIPMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On January 9, 1905, the city council of the appellee, the city of Lake Forest, passed an ordinance fixing the rates for water furnished to the city and to private consumers, and the rental for meters, which might be charged and collected by the appellant, the Lake Forest Water Company, which was furnishing water to the city and private consumers under the provisions of an ordinance passed in December, 1890, granting to the water company the right to erect, maintain and operate, for a period of thirty years, a waterworks system in said city and to furnish water to the city and its inhabitants. On August 12, 1905, the water com-

pany filed the bill in this case in the circuit court of Lake county, alleging that the rates prescribed by the ordinance were unjust, unreasonable and insufficient to afford reasonable compensation to the company for the service rendered, and praying the court to declare the ordinance void and to enjoin the city from enforcing it and the rates therein provided. The city answered the bill, denying that the rates were unreasonable. A replication was filed, and on February 1, 1906, the cause was referred to a special master in chancery to take and report to the court the evidence of the parties. On June 20, 1906, the special master proceeded to take the evidence, and continued the taking of the same, from time to time, up to March 24, 1908, when the evidence was closed, and on June 1, 1908, the special master reported the same to the court. Afterward the court heard the evidence so taken and reported, and on October 7, 1908, entered a decree finding that the rates fixed by the ordinance were not just and reasonable and adjudging the ordinance to be inoperative, illegal, null and void. By the decree the ordinance was set aside and annulled and the city was permanently enjoined from enforcing its provisions. The city appealed from the decree to the Appellate Court for the Second District, and that court reversed the decree and remanded the cause to the circuit court, with directions to dismiss the bill without prejudice to the right of the water company to file another bill if the actual income derived under the ordinance should at any time prove to be so inadequate as not to produce a fair and reasonable return for the service rendered. The Appellate Court granted a certificate of importance and allowed an appeal to this court, and the record has been brought here from the Appellate Court for review.

The act in force July 1, 1891, (Laws of 1891, p. 85,) provides that the corporate authorities of any city, town or village in which any individual, company or corporation has been authorized by such city, town or village to supply

water to such city, town or village and the inhabitants thereof, are empowered to prescribe, by ordinance, maximum rates and charges for the supply of water furnished by such individual, company or corporation to such city, town or village and the inhabitants thereof, such rates and charges to be just and reasonable. In case the corporate authorities of any such city, town or village shall fix unjust and unreasonable rates and charges, the same may be reviewed and determined by the circuit court of the county in which such city, town or village may be. The rates are required to be just and reasonable, and the city council having exercised its judgment and fixed certain rates, they are presumed to be just and reasonable. When the water company by its bill alleged that the rates were unjust and unreasonable it assumed the burden of proving the fact. (*McCook Water-Works Co.* v. *City of McCook,* 124 N. W. Rep. 100.) The evidence consisted of proof from the books of the water company of the cost of construction of the water system, which was originally completed in December, 1891, and the cost of subsequent extensions and improvements and the operating expenses and income prior to the passage of the ordinance. The other legitimate evidence consisted of the estimates and opinions of four expert hydraulic engineers, two of whom testified on each side as to the value of the system, the different elements to be taken into consideration in fixing rates which would yield a fair income from the property, and the probable operating expenses and income under the rates fixed by the ordinance. In 1900 there had been negotiations between the water company and the city, which resulted in the company reducing its maximum rate to private consumers to twenty cents for each 1000 gallons of water furnished. In 1902 there was some friction between the water company and the city about the extension of mains, under the provisions of the original ordinance, into outlying and unprofitable territory, but the rate for private consumers remained the same until

April, 1904, when the water company raised the rate for such consumers to twenty-five cents for each 1000 gallons furnished. The income and operating expenses during these periods were proved. The new ordinance reduced the rate to private consumers to twenty cents, but the water company did not make any showing of the earnings and expenses during the time the ordinance had been in operation. There had been a sufficient trial of the rates to show the practical results, which would have demonstrated whether the water company was receiving a fair return for the service rendered. The evidence was not conclusive and did not make it clear that the rates fixed were unjust and unreasonable, and while it might be necessary, in some cases, to depend upon the opinions of experts as to probable results, it was not necessary to do so in this case. The ordinance had been in force some time when the bill was filed and had been effective for more than three years before the evidence taken before the special master was closed. Nearly four years had elapsed when the decree was finally entered, and there was no necessity for depending on the ability of experts to foretell what the results would be. It was such a case as the Supreme Court of the United States referred to in *Knoxville* v. *Knoxville Water Co.* 212 U. S. 1, where certainty instead of prophecy could be obtained and in which certainty was preferable to prophecy. We agree with the Appellate Court that it was incumbent on the water company, under the circumstances of this case, to make a showing of the earnings and expenses during the time the ordinance was in operation and not leave the question of the reasonableness of the rates to be determined from opinions or probabilities.

The record does not appear to us to justify a charge that the water company withheld or concealed evidence and that a presumption was thereby raised against its claim, since both parties seem to have acted on the assumption that the question was to be determined from opinion evidence in

connection with facts existing at the time the ordinance was passed. Evidence of actual results would only have tended to prove or disprove the averments of the bill and would not have had the effect of making a new case or establishing some new right.

After the filing of the bill the water company sued the city in an action of debt, setting out the ordinance in the declaration and seeking to recover the rates therein fixed for water furnished to the city, and the city made proof of that fact. That was an attempt to establish an estoppel or prove an acceptance of the ordinance by the water company by an act subsequent to the commencement of the suit, and there was nothing in the pleadings to justify evidence of the fact. If there had been, the bringing of the suit would have had no effect upon the rights of the parties. An attempt to collect a rate which the city itself had fixed would not estop the water company from insisting that the rate was too low and should not be continued in force.

We agree with the Appellate Court that the circuit court erred in setting aside and annulling the ordinance and enjoining the city from enforcing its provisions, and the judgment of the Appellate Court reversing the decree and remanding the cause to the circuit court is affirmed; but in view of the manner in which the cause was presented by both parties we are of the opinion that the remanding order of the Appellate Court should be modified so as to permit proof of actual results, if the complainant shall be so advised. Accordingly the remanding order is modified, and the circuit court is directed to permit the introduction of additional evidence upon payment by the complainant of all costs accrued in the case and to hear such evidence or refer the cause for such purpose. If the complainant elects not to offer further evidence the circuit court is directed to dismiss the bill.    *Judgment modified and affirmed.*