## Detmer Woolen Company, Defendant in Error, v. Arthur Dixon Transfer Company, Plaintiff in Error.

### Gen. No. 16,302.

1. MUNICIPAL COURT—*effect of mis-naming form of action.*   In the Municipal Court where no written pleadings are required the same rule governs as prevails before justices of the peace, that is to say, the party suing need not name his action or if it is mis-named his rights will not be affected, but if the evidence warrants it and the court has jurisdiction of the defendant and the subject-matter of the litigation, he will be entitled to his judgment.

2. MUNICIPAL COURT—*when findings of fact not reversed.*   All presumptions in favor of the rulings of the court below upon questions of fact will be indulged and such rulings will not be reversed unless such findings are clearly and manifestly against the weight of the evidence.

Error to the Municipal Court of Chicago; the HON. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 20, 1912.

CALHOUN, LYFORD & SHEEAN, for plaintiff in error; EDWARD W. RAWLINS, of counsel.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; JULIUS MOSES and WALTER BACHRACH, of counsel.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Defendant in error, Detmer Woolen Company, brought an action of the fourth class in the Municipal Court of Chicago, against plaintiff in error, Arthur Dixon Transfer Company, to recover damages sustained by reason of the alleged failure of the Dixon

Company to deliver a certain case of goods which it had undertaken to deliver to the Detmer Company. The action was originally brought against the Delaware, Lackawanna & Western R. R. Company and the Dixon Company, but, after plaintiff's testimony was in, plaintiff took a nonsuit as to the Railroad Company, and, at the close of a trial, without a jury, obtained judgment against the Dixon Company for $818.58.

Plaintiff in error seeks to reverse the judgment of the court below and makes the following contentions: First,—that the finding of the court was clearly against the weight of the evidence for the reason that the receipt given by the Detmer Company to the Dixon Company for the package in question was evidence of high and satisfactory character of such delivery, and the proof offered by the Detmer Company to overcome this receipt was insufficient; second,—that the court erred in its findings of fact; third,—that the court below erred in overruling defendant's motion in arrest of judgment, based upon the ground that the cause of action set out in plaintiff's statement of claim was clearly an action *ex contractu* against the Delaware Ry. Company and the Dixon Company, and would not sustain a judgment against the Dixon Company alone.

From the record it appears that the Detmer Company, having an office in New York and one in Chicago, consigned to itself from New York to its Chicago office, four certain boxes of goods. The Dixon Company is engaged in the business of teaming and transferring goods in the city of Chicago; on the 13th of August, 1909, one of the drivers for the Dixon Company received the four cases of goods at the freight house in Chicago for delivery to the Detmer Company, and, in addition, received some other cases of goods for other concerns. The four cases for the Detmer Company were numbered respectively 1229, 1230, 1231

and 1232. The driver received these cases about 11:30 in the forenoon, and arrived with his load at the Chicago office of the Detmer Company shortly after 1:00 in the afternoon. The Detmer Company contend that but three of the four cases were delivered to it by the driver, and assert that case No. 1229 was never received by it; that the cases which it did receive, weighed about 250, 480 and 720 lbs. respectively, and that the case in question, No. 1229, contained woolen goods and weighed about 720 lbs. The driver for the Dixon Company testified positively that he delivered it and he produced on the trial a written receipt of the Detmer Company, per Klemm, (an employe) for the entire four packages. Klemm, however, testified that, while he signed the receipt in question, he did not observe that it referred to four packages, nor was his attention called to that fact until several days afterward. He testified unequivocally that but three packages were delivered and that he supposed he was receipting for only that number.

Considering first the contention that the court below erred in overruling defendant's motion in arrest of judgment for the reason that the cause of action set out in plaintiff's statement of claim was clearly an action *ex contractu* against the Delaware Railroad Company and the Dixon Company jointly, and would not sustain a judgment against the Dixon Company alone, we are clear that it cannot be sustained. In Edgerton v. Chicago, Rock Island & Pacific Ry. Co., 240 Ill. 311, the statement of claim in the Municipal Court was drawn as if it were an action on a contract. The suit was originally brought against the Rock Island Railway Company alone; later two other companies were joined as defendants; after plaintiff's testimony was in, he took a nonsuit as to the two added defendants and procured judgment against appellant. In passing upon the point raised, our Supreme Court said that if

the action were one upon contract the judgment could
not be sustained, and held that, to sustain the judg-
ment, it must be considered an action in tort; the court
further held that, as to this class of cases under the
Municipal Court Act where no written pleadings are re-
quired, the same rule will govern as controls forms of
actions before justices of the peace. The party suing
need not name his action, or if it is misnamed, his
rights will not be affected, but if the evidence warrants
it, and the court has jurisdiction of the defendant and
the subject-matter of the litigation, he will be entitled
to his judgment.

As to the second contention of plaintiff in error,—
that the court erred in its findings of fact,—it is suffi-
cient to say that all presumptions are in favor of the
ruling of the court below upon questions of fact, and
it will not be reversed unless such findings are clearly
and manifestly against the weight of the evidence.
Springer v. Chicago Real Estate Loan & Trust Co.,
202 Ill. 17.

In Beidler v. Richardson, 107 Ill. App. 536, this court
said: "The cause was submitted to the court for trial
without the intervention of a jury. It thereby became
the duty of the court to pass upon the facts as well as
upon the law of the case. The witnesses were ex-
amined orally before him, and he, therefore, had the
same opportunity for forming an opinion of the rela-
tive merit and weight of the evidence given by them
as has a jury when in the box. Under these circum-
stances it necessarily follows that the same respect
and consideration should be given by an appellate tri-
bunal to the finding of the fact by the court as is
granted to the verdict of a jury. Kaestner v. Oldham,
102 Ill. App. 373. If the evidence of the successful
party, considered by itself, is clearly sufficient to sus-
tain the finding, this court will not reverse a judgment
based thereon, unless such finding is clearly and palpa-

bly against the weight of the evidence.'' Shevalier v. Seager, 121 Ill. 564.

In the case at bar, plaintiff in error tendered to the court below four certain findings of fact, each of which the court refused to hold. We have examined the testimony as shown by the record, and cannot say that the holding of the court upon these requested findings of fact was clearly against the weight of the evidence.

That the written receipt of the Detmer Company, covering the boxes, was *prima facie* evidence in favor of plaintiff in error is unquestionably true, but a receipt has never been held conclusive. Undoubtedly, it was subject to explanation or contradiction. As tending to show that in the course of business between the parties they were not careful to make their receipts conform to the facts, it may be mentioned that upon the trial it appeared that the Dixon Company was accustomed to deliver to the Detmer Company bills for services, upon which they had stamped in advance the words ''Received Payment,'' though the bills were not actually paid until for some days or weeks afterward. In this case there was the unequivocal testimony of three witnesses, corroborated to some extent by the facts and circumstances surrounding the transaction, opposed to the positive statement of the driver for the Dixon Company, strongly corroborated by the written receipt. However, the driver's testimony must be judged in the light of his direct interest in the matter. Moreover, the testimony of the driver was weakened somewhat by the plaintiff's offering in evidence a part of the statement made by the driver in which he said:

''I first took all the cases off of my wagon that I had for the Detmer Woolen Company, and then I put one of the cases, a small one, on the elevator, and took it up to the Detmer Woolen Company's first floor and delivered it there and got two dollies on which to handle the heavier ones.''

From this it would appear that he delivered but three cases, the first being a small one and then two of the heavier ones, each on one of the two dollies to which his statement refers.

Even if we were in doubt as to whether we should have reached the same conclusion upon the evidence as was reached by the trial court, yet, upon the whole record, we do not feel at liberty to disturb this finding. The judgment will, therefore, be affirmed.

*Judgment affirmed.*