## Nicholas Nudelman, Defendant in Error, v. Sigmund Fish, Plaintiff in Error.

## Gen. No. 17,677.

APPEALS AND ERRORS—*when verdict is not against weight of evidence.* In an action to recover commissions for procuring a purchaser for defendant's real estate, verdict for plaintiff sustained as not against the weight of the evidence.

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed June 30, 1913.

WILLIAM FRIEDMAN, for plaintiff in error.

BLUM & BLUM, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the defendant in error, brought a suit against the defendant, here the plaintiff in error,

to recover commissions as a real estate broker, claimed to have been earned by him in procuring a purchaser for certain described premises at the price agreed upon. On a trial before the court and jury, the jury found the issues for the plaintiff and assessed his damages at $350 and the court entered judgment on the verdict.

The law of the case is not doubtful and we understand that the propositions of law advanced by the parties are not controverted, except as to the contention of the plaintiff that no mutually obligatory contract having been entered into between the defendant and Browarsky, under the authority of *Wilson v. Mason*, 158 Ill. 304, there could be no recovery. That authority has no application to the facts in the case at bar. *Hersher v. Wells*, 103 Ill. App. 418; *Scott v. Stuart*, 115 Ill. App. 535.

The difficulty in this case is the determination of the questions of fact. That the defendant employed the plaintiff as a real estate broker, to sell or exchange the property in question, and that the plaintiff negotiated with one Browarsky, who testified that he was ready, willing and able financially to carry out the contract and would have carried out the contract made with the plaintiff, and the defendant refused to consummate the same, was clearly shown. Whether the plaintiff was authorized to offer the property on the terms he did, and whether he had not abandoned the attempt to sell or exchange the premises, with other questions of fact, were contested; and the testimony offered thereon is in direct conflict. After a careful examination of the testimony, we are unable to hold the verdict clearly and manifestly against the weight of the evidence, and the judgment is accordingly affirmed.

*Affirmed.*