**Adolph Fallen, Appellee, v. William Rauguth, Appellant.**

**Gen. No. 33,284.**

Opinion filed May 29, 1929.

GEORGE W. WILBUR, for appellant.

HARRY A. GOLDSMITH and SIMON T. SUTTON, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action for a real estate broker's fee, brought by plaintiff against defendant for having at his instance procured one Joseph A. Holpuch to agree to purchase the real and personal property of Arlington Cemetery Association.

There was a trial before court and jury with a resulting verdict and judgment of $5,000, from which judgment defendant prosecutes this appeal.

The evidence indisputably shows that defendant did employ plaintiff to sell the Cemetery Association property for a half million dollars, and that he did agree to pay plaintiff $50,000 if he procured a purchaser therefor. It does appear that plaintiff did procure a purchaser in the person of Holpuch, and that the parties had negotiations regarding the form of the contract, and that contracts were drawn; and it further appears that a contract dated July 29, 1927, was approved by the defendant and the attorney for the purchaser; that the first and second contracts drawn were changed, and that the third contract embodied such changes as had been suggested, and that at the time defendant was requested to sign the third contract, the minds of the parties had met and were in accord as to its terms; that it was agreed that the parties to the contract should meet on July 29, 1927, in the escrow department of the Chicago Title & Trust Company, where it should be executed. The defendant at that time failed to keep his appointment and refused to sign the contract.

It is contended that the purchaser Holpuch was not ready, willing and able to perform the contract, but Holpuch himself testified, without contradiction, that he was in a position not only to execute the contract, but to fully perform its terms.

The testimony of plaintiff regarding the transaction is corroborated by Holpuch, the purchaser procured by plaintiff, and also by Holpuch's attorney. While it is true that this testimony was denied by the defendant and by his attorney, who withdrew his appearance as such attorney before taking the witness stand, however in this condition of the testimony it was the province of the jury to decide on which side was the preponder-

ance of the evidence. From their verdict it is evident that they believed plaintiff and his two witnesses, and disbelieved defendant and his witness attorney. The testimony of the plaintiff amply supports his contention. That being so, we are not at liberty to set aside the jury's verdict. The evidence of an attorney, who takes the witness stand on behalf of his client, is not entitled to that credence which is given to the testimony of a disinterested witness.

It is argued that the verdict is contrary to the greater weight of the evidence, but an examination of all the evidence shows that it is in every particular sufficient to sustain the jury's verdict. (*Nudelman v. Fish,* 181 Ill. App. 507.) The jury were justified in finding that the failure to close the purchase was no fault of the plaintiff, and that such failure was caused solely by the conduct and actions of defendant in refusing to execute the contract, the terms of which he admitted stated the conditions which he had imposed upon the plaintiff for making the sale. As held in *Goodmanson v. Rosenstein,* 144 Ill. App. 243, it is not a question as to whether the real estate broker has obtained a contract which may be specifically enforced by the owner which determines his right to commissions. If such broker has procured a customer who is ready, willing and able to buy the property on the terms designated by the owner, he is entitled to recover his commission. That is the condition in the case at bar. Plaintiff procured a customer ready, willing and able to purchase the Arlington Cemetery Association property upon the terms imposed by defendant, and the only reason for the failure to consummate the contract was the action of defendant in refusing to execute the same.

The suit was originally commenced against defendant and the Arlington Cemetery Association, but was dismissed by plaintiff as to the Cemetery Association.

This is argued for error. However, plaintiff had a right to so dismiss the Cemetery Association under the Practice Act, as decided in *Dickinson v. McKay,* 177 Ill. App. 412, in which it was said that section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, permits the discontinuing of a case as to any joint defendant, and this practice has frequently been approved. Citing *McChesney v. Davis,* 86 Ill. App. 380; *Scanlon v. People,* 95 Ill. App. 348; *Beidler v. Richardson,* 107 Ill. App. 536.

Defendant contends that the verdict finds no support in the declaration, that the commission agreed upon was $50,000, and that there is no evidence upon which the jury could base its finding of $5,000 damages. It will appear that the sale as contemplated was not consummated owing to the fault of defendant in not executing the contract with the purchaser procured by the plaintiff. It has, however, been held that where one is prevented by the other party from completing the contract for services and for that reason the contract is not carried out, he may recover the value of his services upon a *quantum meruit.* It appears that plaintiff devoted nearly a year in making the sale for which he claims a commission, and that for such service the jury was justified in finding that $5,000 was reasonable compensation. (5 Corpus Juris, secs. 20, 55, pp. 1388, 1399.)

We find no procedural error or errors in rulings upon instructions.

The record being without error, the judgment of the circuit court is affirmed.

*Affirmed.*

Wilson and Ryner, JJ., concur.