Carrie L. Pippert, Appellee, v. Charles J. Schiele, Appellant.

564

Heard in this court at the May term, 1942. Opinion filed June 27, 1942. Rehearing denied September 9, 1942.

Pope & Driemeyer, of 'East St. Louis, for appellant.

E. W. Eggmann, of East St. Louis, for appellee.

Mr. Presiding Justice Stone delivered the opinion of the court.

This is an appeal from a judgment entered November 17, 1941 in the city court of East St. Louis, in favor of Carrie L. Pippert, appellee, hereinafter referred to as plaintiff, against Charles J. Schiele, appellant, hereinafter referred to as defendant, in the sum of $850 and costs of suit. The action was in the nature of a suit on a promissory note, seeking to hold defendant as an endorser. The case was tried by the court, without a jury.

The amended complaint filed alleged that on November 9, 1929, Fred L. Johnson and Flora Johnson, his wife, executed a promissory note in the principal sum of $1,000, due three years after date, payable to the order of Charles J. Schiele, trustee, with interest at the rate of 6 per cent, and that on May 9, 1930, defendant Schiele sold the note to Catherine Meyers, and on that date placed thereon the endorsement, "Pay to the order of Catherine Meyers, for value received, Charles J. Schiele, Trustee." It was alleged further that on November 9, 1930, when the note was presented to defendant for payment of interest, he, without the knowledge or consent of Catherine Meyers, added the words "without recourse" to that endorsement; that said additional endorsement was unauthorized, null and void.

Averment was further made that on November 9, 1932 the note was extended for three years; certain

payments of interest to Catherine Meyers were set forth, and allegation that on November 13, 1939, Catherine Meyers sold and transferred the note to plaintiff and that she was the holder thereof, that plaintiff thereafter applied to defendant for payment of the note, that he paid her $75 thereon, that he has refused to pay the balance due, which was $775. Thereafter answer was filed which admitted the execution and delivery of the note, and that plaintiff was the present holder thereof, but denying the remaining averments.

The record discloses that on November 9, 1929 Fred L. Johnson and Flora Johnson, executed the note in question in the principal sum of $1,000 due three years after date, payable to Charles J. Schiele, trustee, defendant, was in the real estate business in East St. Louis and among his customers was one Catherine Meyers, to whom he had sold many real estate mortgages. On May 9, 1930 defendant sold Catherine Meyers this note. Defendant claims that at the time he sold the note to Mrs. Meyers, he indorsed it, "without recourse." He testified that he never said anything to Mrs. Meyers about not being responsible to her for the loan, and that she knew about the endorsement. When asked if he explained the meaning of the endorsement to her, defendant answered that he didn't remember if he took the pains to explain. He stressed the fact that in previous dealings he had always indorsed notes in this fashion. When asked if he called Mrs. Meyers attention to the "without recourse" endorsement his answer was, "why should I." When it was brought out that there were two kinds of ink used in the endorsement, defendant explained by saying that he wrote part of it at the desk and part at the counter.

Mrs. Pippert, plaintiff, testified in her own behalf that in November of 1939 she accompanied Mrs. Meyers to the office of defendant, that Mrs. Meyers wanted to sign the note over to plaintiff for Mrs. Meyers' keep and funeral expenses, defendant was advised of this,

and agreed to it. He paid Mrs. Meyers $50 and plaintiff testified that he agreed to pay her $50 a month, and afterwards did make some other payments on the note. She further testified that when she first saw the note, the endorsement, ''without recourse'' was not on it.

In 1937 the whereabouts of the Johnsons became unknown, and Schiele stepped in and began collecting the rents on the property involved. In 1940, Mrs. Meyers died.

The only other witness in addition to plaintiff and defendant was E. E. Eggmann, attorney of record for plaintiff, who testified over objection by defendant that he had talked with defendant about the note, and that defendant said nothing about it being ''without recourse.'' He also testified that defendant had paid $50 at one time and later $75 on the note, for plaintiff, and had said that he was collecting the rents on the property and would make further payments until the note was taken care of. Little weight, of course, is to be given the evidence of an attorney in the case. *Wiederhold v. Wiederhold*, 305 Ill. 429; *Fallen v. Rauguth,* 253 Ill. App. 328.

It is contended on behalf of defendant that the court erred in rendering judgment for plaintiff, and in failing to enter a judgment in favor of defendant. It is maintained that plaintiff was not a holder in due course. The general proposition as to whether or not plaintiff was a holder in due course was a question of fact. *Renfrow v. Kramer,* 341 Ill. 398; *Foncannon v. Lewis,* 327 Ill. 455. That question, the court decided favorably to plaintiff and under the evidence, we are not inclined to disturb that finding.

It is further urged on behalf of defendant that the court erred in admitting irrelevant, incompetent and immaterial evidence. Where the case is tried by the court without a jury, the admission of incompetent evidence is not ground for reversal, since it will be pre-

sumed, if nothing appears to the contrary, that the judge disregarded such evidence and tried the case on proper testimony alone. *Kenealy v. Glos,* 241 Ill. 15; *Merchants' Despatch Transp. Co. v. Joesting,* 89 Ill. 152; *Lake Forest Water Co. v. City of Lake Forest,* 154 Ill. App. 184, aff'd 249 Ill. 382; *Kittler v. Studabaker,* 113 Ill. App. 342.

The trial court saw and heard the witnesses, and observed their conduct and demeanor upon the witness stand, and is in much better position, where the evidence is conflicting, to determine the question of the credibility of those witnesses, than is a court of review. The finding of a trial court, is entitled, on review, to the same weight as the verdict of a jury, and, if the evidence is conflicting, such finding will not be reversed on appeal unless it is contrary to the manifest weight of the evidence. *Keefer Coal Co. v. United Electric Coal Companies,* 291 Ill. App. 477; *People v. Chicago & E. I. Ry. Co.,* 258 Ill. App. 535; *Marble v. Estate of Marble,* 304 Ill. 229. On this record we are not prepared to so hold.

Finding no reversible error, the judgment of the trial court will be affirmed.

*Affirmed.*