Meta Winterland and Elmer Winterland, Appellees, v. Henry Winterland et al., Appellants. (Excepting Dietrich Winterland and Rachel Petersen, Appellees.)

Gen. No. 9,414.

October term, 1943. Opinion filed February 29, 1944.

Heard in this court at the

Rehearing denied May 2, 1944.

L. ·EARL BACH and BRACKEN, LIVINGSTON, MURPHY & BARGER, all of Bloomington, and THOMAS M. BARGER, JR., Guardian *ad litem*, for appellants; WILLIAM R. BACH and WILLIAM J. BACH, both of Bloomington, of counsel.

COSTIGAN, WOLLRAB & YODER, of Bloomington, for appellees.

MR. JUSTICE HAYES delivered the opinion of the court.

John Winterland died testate March 25, 1928. His will dated June 22, 1926 had a codicil added to it on July 13, 1927. At the time of his death he left surviving him a widow and eleven children. Under the terms of the original will he devised his life estate to his widow and provided that upon her death or remarriage his executor should sell the real estate and divide the proceeds equally between his then surviving children. The codicil provided that the share which was

to go to George Winterland, a son, is devised and bequeathed to another son Henry Winterland, in trust, the income to be paid to George so long as he might live, or until his present wife should have died or has been separated from him by absolute divorce.

The widow of the testator died on December 3, 1935 and the following April the executor sold the real estate which netted $62,100. He made distribution equally between the children, except as to George's share, which was not paid to him but held by the executor, as trustee, under the terms of the codicil. George's one-eleventh share amounted to $5,523.54.

George Winterland was married to Meta Winterland on February 26, 1920, and from that date until the date of George's death, which occurred on June 7, 1940, he lived with his wife on a farm near Colfax, McLean county, Illinois. To this marriage one son Elmer Winterland was born, who arrived at his majority on December 16, 1941.

Meta Winterland and her son Elmer Winterland filed a complaint in the circuit court of McLean county claiming the share of George Winterland as a surviving widow and child and alleged that the provisions contained in said codicil were void on the ground of being contrary to public policy and public morals of the State of Illinois, because the terms of said codicil tended to induce a separation between George Winterland and his wife Meta Winterland. Said complaint prayed that the court require a trustee to pay one-third part of said sum to Meta Winterland as widow and two-thirds to Elmer Winterland as heir.

The court below found the equities with the plaintiffs and found them entitled to the relief prayed for, and that the terms of the codicil were void as being contrary to public policy, and that George Winterland was entitled to his full share under the third clause of the original will of his father John Winterland, unrestricted by the provisions of the void codicil.

It is plain from the terms of the codicil that George Winterland could have had a full one-eleventh share of the proceeds from the sale of his father's estate by obtaining an absolute divorce from his wife. If he didn't obtain this divorce, under the terms of the codicil, he could only have the income. This was an inducement to cause a separation and a divorce and under the law of Illinois as stated in the case of *Tripp v. Payne*, 339 Ill. 178, is contrary to public policy. In that case a provision of the will that the income from the testatrix' estate shall be withheld from a child of the testatrix so long as said child continues to be married to his present wife but shall be paid to him should the marriage relationship cease, is void, as inducing a separation between husband and wife.

Appellants cited the case of *Ransdell v. Boston*, 172 Ill. 439, but it appears that the parties had been separated for several years before the will was executed and that a divorce suit had been pending for sometime prior to the execution of the will, which, of course, is a wholly different situation than presented on the present record.

Appellants also cite the case of *Cary v. Slead*, 220 Ill. 508. Upon an examination of that case it does not appear that the question of public policy was raised. The case was determined rather on the construction of the language used in the will.

The facts in the present case are so close and similar to those in the *Tripp* case that the law laid down there is controlling and decisive in the case here. The decision of the lower court is correct.

Complaint is made in regard to the court hearing the testimony of Meta Winterland on the question of how she and her husband got along. Appellants immediately asked leave to introduce evidence to contradict the testimony of Meta Winterland. The court then struck all of her testimony out. There is no error here as the rule is that where a case is tried by a court without a jury, it is presumed that the judge disre-

garded any incompetent evidence and tried the case upon the proper testimony alone. *Pippert v. Schiele,* 315 Ill. App. 563; *Boening v. North American Union,* 155 Ill. App. 528.

Appellants contend the doctrine of estoppel and laches should be a bar to appellees' cause of action but it appears that Elmer Winterland did not become of legal age until December 16, 1941, while the complaint was filed December 26, 1942. The trustee did not report until June 10, 1938 that he had George's share in his hands as trustee. Neither the trustee nor any of the parties in interest made any move towards either making a distribution of the funds or applying to a court of competent jurisdiction for direction on what to do under the circumstances until the plaintiffs herein filed, and they have been the most diligent of any of the parties in interest. Under these circumstances it would be inequitable to hold the plaintiffs barred by estoppel or laches.

For the reasons herein stated the decree of the circuit court of McLean county is hereby affirmed.

*Decree affirmed.*