## Mae G. Jacobs, Appellee, v. Metropolitan Life Insurance Company, Appellant.

### Gen. No. 10,345.

Opinion filed July 7, 1949. Released for publication July 27, 1949.

EARLY & EARLY, of Rockford, for appellant.

BURRELL & BURRELL, of Freeport, for appellee; DAVID M. BURRELL, of Freeport, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court. This is an action at law instituted by Mae G. Jacobs against the Metropolitan Life Insurance Company to recover the proceeds of a life insurance policy in the sum of $3,000 issued by defendant on the life of her

husband, Frank Jacobs, in which she was named bene-
ficiary. The cause was heard by the court without a
jury, resulting in a judgment in favor of the plaintiff.
To reverse that judgment defendant prosecutes this
appeal.

The record in this court discloses that the printed
abstract of record prepared by appellant was filed
herein on December 31, 1948 and on January 18, 1949,
appellant's brief and argument was filed. On March 9,
1949, appellee filed herein her printed statement, brief
and argument and as a part thereof and included
therein is a motion to dismiss this appeal in which it
is insisted that the pages of the record on appeal are
not consecutively numbered, as required by Rule 36
of the Supreme Court (393 Ill. 42, Rule 36(2)) [Ill. Rev.
Stat. 1947, ch. 110, par. 259.36, subpar. (2); Jones Ill.
Stats. Ann. 105.36, subpar. (2)] and that the record
fails to disclose the entry of a final judgment. Appel-
lant has filed herein its motion for leave to file an ad-
ditional transcript of the record and has accompanied
said motion with the proposed additional transcript,
and it has also filed a motion to strike the motion to
dismiss the appeal filed by appellee upon the ground
that appellee's motion was not served upon opposing
counsel in accordance with the rules of this court, that
it is not supported by affidavit as required and that it
does not allege that the record contains incorrect mat-
ters or that appellee will suffer injury because of the
alleged defects in the record.

An examination of the record filed in this court
shows that the clerk who prepared the same in many
instances failed to include therein the covers attached
to the various pleadings and documents filed in the
cause, which covers showed the filing data indorsed
thereon by the clerk. In lieu of the covers attached
to the various documents, the clerk included in the
record as a part thereof a photostatic copy of the
judge's docket showing the actual dates of the filing
of all documents which had been filed in the cause. It

further appears that each page of the report of the proceedings retains the page number indorsed thereon by the court reporter and the entire report of the proceedings at the trial was given page number 68. This is somewhat confusing but the original record and the additional transcript proposed to be filed presents to this court the questions involved in this appeal. An appropriate judgment was rendered by the trial court on August 6, 1948 and notice of appeal was filed on August 20, 1948. The judgment order appears on page 53 of the original record on appeal and on the following page the notice of appeal appears. As originally filed the record was sufficient to make it amendable and the motion of appellant for leave to file the additional transcript is sustained, leave is granted and the motion of appellee to dismiss the appeal is denied. (*Francke v. Eadie,* 373 Ill. 500, 503; *Koepke v. Schumacher,* 328 Ill. App. 113, 116.)

The complaint alleged that the defendant executed and delivered to Frank Jacobs a life insurance policy in the sum of $3,000 wherein plaintiff was named as the beneficiary; that Frank Jacobs paid all the premiums on said policy and that it was in full force on the day of his death, May 19, 1946; that Jacobs and plaintiff have performed all conditions precedent on their part to be performed and concludes that upon the death of Jacobs defendant became liable to pay to plaintiff the sum of $3,000, which sum has been demanded of defendant and by it refused.

The defendant answered denying that the plaintiff was entitled to recover any monies from it and set up additional and separate affirmative defenses to the effect that at the time the policy was issued to Jacobs, on March 1, 1946, he was suffering from a heart ailment, was not in good health and was not insurable; that at the time of the delivery of the insurance policy to him he did not inform the defendant that his condition of health had changed since the date of his application for the policy and that he accepted said policy

with knowledge of his true condition and concealed the same from the defendant which rendered the policy void: that Jacobs misrepresented certain material matters in his application for the insurance policy when he stated that he had never received or applied for a pension or disability or compensation benefits from any government or from any municipal or private corporation or insurance company; that he had never had any ailment of the heart or lungs and that he had never had rheumatism, gout or syphilis. The amended answer asserts that the defendant relied upon these representations and issued the policy sued on; that Jacobs died May 19, 1946, from AC congestive heart failure with rheumatic heart disease as an associated cause and that had defendant known of the falsity of Jacobs' answers in his application its policy of insurance would never have been issued and offered to return the premiums paid by Jacobs on the policy.

Plaintiff filed her reply to the amended answer setting forth two separate matters, first, that Jacobs was induced by the agent of the defendant to drop his National Service Life Insurance. This portion of the reply was stricken by the trial court and need not be further noticed. The reply to the amended answer also averred that on June 22, 1946, the Veterans' Administration Hospital at Hines, Illinois wrote to defendant pertaining to the physical findings made by it with reference to Jacobs on his discharge therefrom on May 4, 1946, and that by letter to plaintiff from defendant bearing date of October 4, 1946, defendant's sole basis for its denial of liability was that the insured had, on February 2, 1946, when he applied for the policy, a disease of the heart, which had been disclosed to the insured upon his separation from the military service and that acting in reliance upon this letter from the defendant denying liability on this specific ground, the plaintiff incurred prejudice and expense by bringing this suit. The reply further alleged that Jacobs was examined by a doctor on behalf of the defendant before

the insurance policy was issued to him and that this doctor listened to Jacob's heart, heard a murmur but notwithstanding this fact, passed the applicant. The reply then concludes that by reason of this letter from defendant dated October 4, 1946, and plaintiff's reliance thereon, the defendant thereby waived all defenses it had other than the single defense stated in said letter and is, therefore, precluded from asserting any other defense, and that by reason of the medical examination aforesaid, defendant waived its purported defense with reference to the heart murmur. Defendant traversed the allegations of this reply and the issues thus made were presented to the trial court for determination. It is first alleged in said reply that the Veterans' Administration on June 22, 1946, wrote the defendant a certain letter advising the defendant of the physical findings made by said hospital with reference to Jacobs when he was discharged from the hospital on May 4, 1946. This letter was produced at the trial and admitted in evidence and it shows in detail the many findings made by the Veterans' Administration in connection with the physical condition of Jacobs. The reply next asserts that on October 4, 1946, by letter to plaintiff the defendant denied liability for a specific reason. This letter was also produced and admitted in evidence and is as follows:

"October 4, 1946
Re: DC 889 6840A
Frank Jacobs

"Mrs. Mae G. Jacobs
Austinville
Iowa

"Dear Mrs. Jacobs:

"This letter refers to the claim by you for the proceeds of this policy sometime ago through the Rockford, Illinois, District Office.

"We are sorry to have to inform you that the claim is without merit because of the failure of the applicant

to disclose to the Company on February 2, 1946, when the policy was applied for, that he had a disease of the heart which was disclosed upon separation from active service and which was made known to Mr. Jacobs. If the true facts were stated in the application we would not have issued the policy.

"We are, therefore, obliged to deny liability and have authorized the return of the total premiums received, amounting to $29.70. We have authorized our representative in Rockford, Illinois, to make this payment to you but if that is not practicable because of your present location, so inform us and we will send you a check for the amount involved.

"We are returning the report from the War Department which was sent to us by our Rockford representative.

Your very truly,

John B. Northrop
Third Vice-President"

The reply then alleged that upon receiving this letter denying liability the plaintiff incurred prejudice by bringing this suit and the evidence is that upon receiving this letter the plaintiff delivered it to her attorneys and instructed them to bring suit and that she incurred expense in so doing. The reply further alleged that Jacobs was examined by a doctor on behalf of the defendant and that this doctor heard a heart murmur but nevertheless passed the applicant. The evidence in the record on this point shows that Dr. Howard J. Stickle was the examining physician for the defendant and he testified that when he examined Jacobs for the defendant on February 2, 1946, he heard no heart murmur which he thought was pathological; that he heard something which might have been a murmur but he was not sure "because" as he expressed it; "you can hear sounds which sometimes are not pathological. On February 2, 1946 I heard a sound which caused me to

be undecided whether it was a pathological murmur.
I was undecided. There was a possibility but I didn't
think it was, otherwise I would have reported it to the
Company—I believe he (Jacobs) worked himself to
death as he told me on March 2, he was a metal man.".
This witness identified a transcript of a telephone con-
versation which he had with one of the attorneys rep-
resenting appellee on March 27, 1947, which had been
taken down in shorthand and subsequently transcribed
and signed by this witness in which he stated that at
the time he examined Jacobs his heart murmur was
hardly discernable and that it didn't show up until
weeks after he got the policy and that about six weeks
before he died he (Jacobs) came to him as a patient.
The concluding questions and answers shown by this
statement of the examining physician follows: "Ques-
tion: The long and short of it is that on the basis of
your objective findings you considered him, insofar as
his heart was concerned, a good risk? Answer: That's
right. Question: And you considered him otherwise a
good risk? Answer: Yes. Question: And you are
clear that he could in no way have deceived you on it?
Answer: That's right."

The trial court saw and heard the witnesses.
He filed a written memorandum of his findings and
conclusions. These should not be disturbed on review
unless it can be said that they are against the manifest
weight of the evidence. *Coari v. Olsen,* 91 Ill. 273,
277; *Detmer Woolen Co. v. Arthur Dixon Transfer Co.,*
167 Ill. App. 408, 411; *Chicago Union Traction Co. v.
Brody,* 123 Ill. App. 331; *Beidler v. Richardson,* 107
Ill. App. 536, 537. We have read the evidence found in
this record and it amply supports the findings and
conclusions of the trial court.

Counsel for appellant insist that Jacobs con-
cealed and misrepresented his true condition in order
to obtain the insurance policy issued to him by defend-
ant. It may be noted that Jacobs already had $10,000
worth of National Service Life Insurance in effect and
that he let it lapse in order to take out a $3,000 policy

with defendant. This is scarcely consistent with the theory that Jacobs deceived the defendant in order to obtain the policy upon which this action is based. Furthermore in the questionnaire submitted to Jacobs by appellant in connection with the issuance of the policy sued on was the following question: "Do you understand that it is to your advantage to retain National Service Life Insurance, or to apply for reinstatement if such insurance has been lapsed?" And that Jacobs answered "No" to this question. If anyone was misled, it was not the defendant.

The judgment of the circuit court is correct and that judgment will be affirmed.

*Judgment affirmed.*